Curia,per

Evans, J.
The facts of this case, so far as they are involved in the questions decided, are these : The plaintiffs claim to be owners of á negro man named John. This negro was taken out of their possession, as they allege, by Blakely and one Little. Blakely lived in Laurens, and Little in Union. The plaintiffs sued out a writ, charging them with the tozt jointly, and made the writ returnable to Union. Blakely was served in Laurens, and notified by endorsement on the writ,' that the plaintiffs elected to try the cáse at Union. Blakely aud Little pleaded the general issue separately. When the case was ordered for trial, the plaintiffs moved for leave to discontinue as to Little, for the purpose of examining him as a witness. Blakely first moved to continue thé case,' on the ground *298 that the amendment made a new case; he then moved to transfer the case to Laurens, where the defendant lives and had been served. All these motions were successively overruled by the presiding judge. It is not necessary to consider all the grounds made in the case. The decision of the court depends on the first ground for a new trial, and it is not intended to express any opinion on the others. The first ground is — “ Because the defendant was taken by surprise, by the course pursued by the plaintiff, in discontinuing as to the co-defendant, Little, and making him a witness; and under the circumstances, the case should have been continued, or transferred to the district where the defendant resides, and where he was served with the writ.”
The general ruléis, that court alone has jurisdiction of the case where the defendant resides, is arrested, or served with process. By the Act of 1791 and the Act of 1799, which are in substance the same, where there are defendants residing in different districts, the plaintiff may try his case in that district where either of the defendants was arrested, or taken, or served with process. The course pursued in this case, was in conformity with these Acts, and so long as there were two defendants, the court of Union had jurisdiction of the case. The effect of the discontinuance as to Little, was to leave the case in the same condition as if Blakely had been sued alone. There was but one defendant, and he resided and had been served in another district. Was the case, after the discontinuance, one provided for by the Acts of 1791 and 1799 ? Could the plaintiff try his case in Union, where the defendant did not reside, and where he had tiot been served 1 I think not. When the plaintiff discontinued as to Little, he deprived the court of its jurisdiction; for the jurisdiction depended on the fact that Little was a party to the suit. It will be readily perceived, that if the plaintiff can give jurisdiction by joining a defendant, he may try his case in any district where he pleases. A man at Georgetown may be compelled to try his case in Pickens, by joining him with one residing in the latter district, merely to give the.court jurisdiction. I am therefore of opinion, that after the discontinuance, the case could not be tried in Union ; and if the plaintiff would not consent to transfer the case, he should have been non-suited.
I do not intend to be understood as saying, that as the plaintiff by his own act had deprived the court of jurisdiction, be had a right to transfer the case to Laurens; but as the defendant himself made the motion for a continuance and transfer, I think the circuit judge should have granted it; and as he has renewed his motion for the same purpose in this court, we are relieved from any difficulty on this point. I think the verdict must be set aside, and a new trial ordered ; and that the defendant have *299 leave to enter up a judgment of non-suit; unless the plaintiff shall, at the next term,'transfer and docket his case for trial in the court of Common Pleas for Laurens district; and it is ordered accordingly.
Irby, for the motion. A. W. Thomson, contra.
Gantt, Richardson, Earle, and Butler, JJ. concurred.